UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 09-365-HRW

CONNIE WILLOUGHBY, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits in October 2006, alleging disability beginning on April 24, 2005, due to rheumatoid arthritis, possible multiple sclerosis, migraines, generative disc in neck, numbness, lesions on brain, back problems, depression and edema (Tr. 133). This application was denied initially on February 26, 2007 and on reconsideration on June 25,

2007. On October 27, 2008, an administrative hearing was conducted by Administrative Law Judge Ronald Kayser (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 30, 2008, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-21). Plaintiff was 42 years old on the date of alleged onset. She has a high school education education past relevant work experience as a light factory worker and general office worker (Tr. 19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffers from rheumatoid arthritis / fibromyalgia, left leg edema and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 14-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 19) but determined that she has the residual functional capacity ("RFC") to perform a range of light work (Tr. 16-19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19-20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 19, 2009 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly rejected the opinion of a treating source, Dr. Rita Egan (2) that evidence submitted to the Appeals Council is new and material and (3) the ALJ made inconsistent statements in assessing her mental impairments.

C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly rejected the opinion of a treating source, Dr. Rita Egan.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler,* 756 F.2d 431,

435 (6th Cir. 1985)(citations omitted).

Dr. Egan completed assessments of Plaintiff's physical as well as mental ability to do work related activities (Tr. 390-400). Although she suggests severe impairment, her assessments do not refer to or, indeed, reflect clinical or diagnostic findings. Her notes contain no abnormal findings.

Further, Dr. Egan's opinion is at odds with the other medical evidence of record. No other physician has suggested the extent of impairment as that espoused by Dr. Egan.

Given the lack of objective findings, the Court finds that the ALJ"s decision to disregard Dr. Egan's opinion is not erroneous.

Plaintiff's second claim of error is that that evidence submitted to the Appeals Council is new and material. The evidence in question are records from the Advanced Pain Medicine Clinic dated December 9, 2008 through February 5, 2009. Although Plaintiff does not specifically contend remand is warranted, based upon this evidence, her argument appears to be that of remand pursuant to Sentence six of 42 U.S.C. §405(g) which provides:

> The court . . . may at any time order additional evidence
> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior

proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, Plaintiff has wholly failed to show that the new evidence is material. Indeed, there is no developed argument in this regard. "I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

Finally, Plaintiff claims error because the ALJ made inconsistent statements

7

in assessing her mental impairments. There is some ambiguity in the decision regarding the severity of Plaintiff's depression. The decision, however, clearly reflects that the ALJ considered the impairment of depression, whether severe or not, in formulating the RFC. As such, the error alleged by Plaintiff is harmless.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _____ day of November, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge